IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVIVSION

JEREMY DEAN LAYMANCE
ADC # 163960                                                          PLAINTIFF

v.                      No. 4:17-cv-303-DPM

RICKY SHOURD, Sheriff, White County
Sheriff Office; PAUL HOFSTEAD, Deputy,
White County Sheriff Office; RICKY SMITH,
Administrator, Department of Human Services;
FELICIA HICKERSON, Case Worker, Department
of Family Protective Services; MONICA COLE,
Supervisor, Department of Family Protective
Services; RONNIE FOSTER, Captain, Anderson
County Sheriff Office; GARY TAYLOR, Sheriff,
Anderson County Sheriff Office; SHARON VAN
COMPERNOLLE, Great Grandparent of Child; and
JOHN VAN COMPERNOLLE, Great Grandparent
of Child                                                              DEFENDANTS

ORDER

1. Motions to proceed *in forma pauperis*, № 10 & 11, granted. Laymance must pay the filing fee, but over time. 28 U.S.C. § 1915(b)(1). The Court assesses an initial partial fee of $6.10. After the initial fee is collected, Laymance's custodian must collect monthly payments from Laymance's prison trust account each time the amount in the account exceeds $10.00. These payments will be equal to twenty percent of the preceding month's

income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on Laymance's behalf must be clearly identified by case name and case number.

2. The Court directs the Clerk to send a copy of this order to the following people at the following places: the Warden of the Grimes Unit, 300 Corrections Drive, Newport, Arkansas 72112; the ADC Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612.

3. Laymance believes he was unlawfully detained by White County Sheriff's officers in connection with a custody dispute. № 2 & 15. He is awaiting trial on state criminal charges in Texas that arise from that dispute. № 15 at 2. The Court must abstain from proceeding with Laymance's federal case because the criminal case is ongoing, Texas has an important interest in enforcing its criminal laws, and Laymance may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Further, there's no indication of bad faith, harassment, or any other extraordinary circumstances that would make abstention

inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). This case must therefore be put on hold until there's a final disposition of Laymance's pending state charges. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *Yamaha Motor Corporation, U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999).

**4.** Laymance's motions for service and for appointed counsel, № 12 & *13*, are denied without prejudice.

\* \* \*

This case is stayed. Laymance can move to reopen this case after final disposition of his state case, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If Laymance doesn't file a timely motion to reopen or a status report by 24 August 2018, then the Court will reopen the case and dismiss it without prejudice.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

23 August 2017

-3-